496

First District (3rd Division)   No. 85—546

Opinion filed December 18, 1985.

Edward T. Joyce and Richard S. Reizen, both of Chicago (Joyce & Kuba-
siak, of counsel), for appellants.

James A. Serritella, James A. Klenk, and Donald A. Vogelsang, all of
Chicago (Reuben & Proctor, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:
Plaintiffs, four members of the defendant Grace Evangelical Lu-
theran Church of River Forest appeal from an order of the trial court
dismissing their complaint under the doctrine of *res judicata.* The
case involves a dispute that originally arose between Lutheran
Church—Missouri Synod, a Missouri Corporation and the second larg-
est Lutheran church body in North America and plaintiffs on one side
against Grace Church. The dispute concerns the rights of Grace
Church to end its association with the Synod, and the property rights
of Grace Church and its individual members.

On October 28, 1977, Grace Church filed a declaratory action against the Synod, seeking a declaration of property and other rights. Plaintiffs, members of Grace Church who voted against withdrawal from the Synod, intervened, seeking control of Grace Church's property. During 1977, 1978 and 1979, the Synod's adjudicatory bodies rendered decisions regarding the dispute. The Synod's highest tribunal found that the individual members of Grace Church had the right to the church property. The trial court found that it could not defer to the ecclesiastical tribunal decision because the court could not determine, without violating the first amendment religion clause, whether the Synod polity was hierarchical or congregational. On June 29, 1981, the trial court entered judgment in favor of Grace Church against the Synod and four plaintiffs. This court affirmed that judgment. (*Grace Evangelical Lutheran Church v. Lutheran Church-Missouri Synod* (1983), 118 Ill. App. 3d 151, 454 N.E.2d 1038, *cert. denied* (1984), 469 U.S. 820, 83 L. Ed. 2d 38, 105 S. Ct. 91.) The extensive facts surrounding the property dispute are thoroughly recited there and need not be repeated.

In the present action, filed in December 1983, the four plaintiffs again seek a declaration of their rights to the real property upon which Grace church is located. The Synod is not a plaintiff in the present action. With one exception, plaintiffs allege the same facts as in the first suit. The difference is the allegation that in 1983 the Synod adopted a resolution which plaintiffs claim clearly defines the Synod's polity as being hierarchical. Grace Church points out that in the prior litigation, plaintiffs moved to supplement the appellate court record to add this resolution; petitioned for rehearing in this court on the basis of this new resolution; and petitioned for review before the Illinois and United States supreme courts, also relying on the resolution. All requests were denied. In relevant part, the resolution states as follows:

"Subject: To Reaffirm Essential Congregational Polity of the Synod

RESOLUTION 5—10A

* * *

WHEREAS, the word 'hierarchical' is repugnant to Missouri Synod Lutherans because etymologically it refers to 'rule by priesthood'; and

WHEREAS, Civil courts have given the word 'hierarchical' a meaning that is different from the one given in theology, to distinguish between forms of church governments which are entirely congregational and those forms which involve associa-

tional relationships and commitments (and are therefore designated as having at least 'hierarchical' dimensions);
* * *

*Resolved*, That the Lutheran Church-Missouri Synod reaffirms that its synodical polity is essentially and principally congregational in nature and therefore is ordinarily referred to as a congregational polity; and be it further

*Resolved*, That the Synod acknowledges that under the definition and application of the word 'hierarchical' in civil law there are aspects in the relationships within the Synod between and among congregations *** which under civil law may imply, express, or evidence what the courts regard as hierarchical dimensions; and be it further
* * *

*Resolved*, That while we believe that the courts should recognize that there are church polities other than 'congregational' and 'hierarchical', unless and until courts do so, the present status of case law compels us to use certain legal terminology *** ."

Plaintiffs recognize that the doctrine of *res judicata* precludes the relitigation of issues which have been determined previously. (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 461 N.E.2d 959.) They argue, however, that an exception to the doctrine applies because the adoption of the resolution constitutes a substantial change in the factual circumstances since the prior judgment. In dismissing the complaint, the trial court found that the resolution was ambiguous and did not clearly set forth the Synod's finding that it had a hierarchical polity. The court stated it was "faced with the same polity dispute it had before it in the previous litigation with merely one more fact to make the issue even more indeterminable." Because there was no substantial change in the factual circumstances, the court found that plaintiffs' complaint was barred by the prior judgment.

On appeal, plaintiffs contend that the trial court erred in holding *res judicata* applicable. They argue that the resolution clearly evidences the hierarchical nature of the synod's polity, and that this court must therefore defer to the judgment of the ecclesiastical tribunal.

■■ The threshold issue in the prior litigation, and in this case, is whether the religion clauses of the first amendment require a civil court's deference to the judgment of an ecclesiastical body in resolving a church property dispute. A civil court must defer to the decision of the highest ecclesiastical tribunal of a church when the church's

polity, or form of government, is hierarchical and not congregational in nature. (*Jones v. Wolf* (1979), 443 U.S. 595, 61 L. Ed. 2d 775, 99 S. Ct. 3020; *Serbian Eastern Orthodox Diocese v. Milivojevich* (1976), 426 U.S. 696, 49 L. Ed. 2d 151, 96 S. Ct. 2372.) In making this threshold determination, a civil court may review the church's bylaws, constitution, and other documents under the "neutral principles" approach. (*Jones v. Wolf* (1979), 443 U.S. 595, 61 L. Ed. 2d 775, 99 S. Ct. 3020; *Serbian Eastern Orthodox Diocese v. Milivojevich* (1976), 426 U.S. 696, 49 L. Ed. 2d 151, 96 S. Ct. 2372.) However, a civil court may only determine a church's polity if that determination can be made easily, without intrusive scrutiny. (*Jones v. Wolf* (1979), 443 U.S. 595, 61 L. Ed. 2d 775, 99 S. Ct. 3020.) In the prior litigation the trial court held that the conflicts within the Synod's bylaws, constitution and other evidence made it impossible to determine the Synod's polity without intrusive scrutiny. In the present case the trial court held that the new resolution does not materially alter the impossibility. We agree.

A church may be hierarchical, congregational, or a combination of these two types of polity. (*Kelley v. Riverside Boulevard Independent Church of God* (1976), 44 Ill. App. 3d 673, 358 N.E.2d 696.) The resolution at issue makes several statements which only increase the ambiguity of the question of whether the Synod is hierarchical, congregational, or both. Nowhere does the resolution state that the Synod is hierarchical. The resolution states that the Synod reaffirms its "essential congregational polity," and finds the word "hierarchical" to be repugnant. Without offering a definition, it states that the Synod defines hierarchical in a manner different than the civil law definition but recognizes some aspects of the relationships between the Synod and the congregations which may "imply, express or evidence that the courts regard as hierarchical dimensions." The resolution finally recites that civil courts should revise their legal terminology when referring to church polities because there are "church polities other than 'congregational' and 'hierarchical'."

■ Thus, the resolution does little more than present an additional piece of evidence which actually supports the judgment in the prior litigation. There, the court found that it could not determine the Synod's polity without intrusive scrutiny. Here, the ambiguity of the locus of the church's control requires a careful examination of church documents and history in order to ascertain the church's form of government. Such a searching inquiry is impermissible. Since no additional material fact has been presented which might allow this court to avoid the application of the doctrine of *res judicata*, we find that

the trial court was correct in dismissing plaintiffs' complaint.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

WHITE, P.J., and RIZZI, J., concur.